**Frederick KAPLAN, Plaintiff--Appellant,**

v.

**CITY OF NORTH LAS VEGAS; Thomas H. Stephens, Defendants--Appellees.**

**No. 99-16585.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2000.

Decided Jan. 19, 2001.

Before KOZINSKI, HAWKINS, and BERZON, Circuit Judges.

## MEMORANDUM[*]

Kaplan contends he has a "disability" within the meaning of the ADA because the City of North Las Vegas ("City") regarded him as being substantially limited in the major life activity of working. 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(j)(3)(i). Based on the language of the City's termination letter and the testimony of the City's human resources director, Kaplan raised a genuine issue of fact that the City regarded him as unable to perform any peace officer position in the State of Nevada.

In Nevada, the term "peace officer" encompasses a vast array of different jobs, Nev.Rev.Stat. §§ 289.150–289.360, involving similar training and skills. Nev. Admin. Code, ch. 289, §§ 130–160. Although the "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working," the inability to perform a "class of jobs" as compared to the average person with comparable training, skills and abilities can constitute such a limitation. 29 C.F.R. § 1630.2(j)(3)(i). When comparing the job which Kaplan was regarded as unable to perform versus the number and types of jobs utilizing similar training, knowledge and skills from which Kaplan would also be disqualified, we find that "peace officer" describes a sufficiently broad "class of jobs" under these regulations. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 493, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (relevant class of jobs was pilot positions, which required similar skills, knowledge and training); *Murphy v. United Parcel Service, Inc.*, 527 U.S. 516, 524, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999) (relevant class of jobs was mechanic positions, which utilized plaintiff's skills and knowledge).

## REVERSED AND REMANDED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.